NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JC SC LLC, | No. 22-55200 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-04835-AB-JPR |
| v. | |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted April 10, 2023**
Pasadena, California

Before: W. FLETCHER, BERZON, and MILLER, Circuit Judges.

Plaintiff-Appellant JC SC LLC (JC/SC) appeals from the district court's

order granting Defendant-Appellee Travelers Indemnity Company of

Connecticut's (Travelers) motion to dismiss this action challenging Travelers'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of insurance coverage. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal for failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We review a district court's decision to deny discovery for abuse of discretion. *Hall v. Norton*, 266 F.3d 969, 977 (9th Cir. 2001).

1. Policyholder JC/SC seeks coverage under its insurance policy with Travelers for COVID-19 related economic losses. The virus exclusion provision of JC/SC's insurance policy bars coverage for JC/SC's alleged losses. The exclusion provides that Travelers "will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness, or disease." JC/SC argues that the exclusion does not apply because the COVID-19 virus was not the efficient proximate cause of its losses. The district court correctly rejected that argument.

In California, "where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in

producing the disaster." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 894 (9th Cir. 2021) (quoting *Sabella v. Wisler*, 377 P.2d 889, 895 (Cal. 1963)). Coverage does not exist if "an excluded risk was the efficient proximate (meaning predominant) cause of the loss." *Id.* (quoting *Garvey v. State Farm Fire & Cas. Co.*, 770 P.2d 704, 707 (Cal. 1989)).

*Mudpie* involved the same virus exclusion provision at issue here, and the insured made a similar "efficient cause" argument, claiming that government orders, rather than the virus itself, were the most direct cause of its losses. 15 F.4th at 893-94. We rejected that argument, holding that the insured did "not plausibly allege that 'the efficient cause,' i.e., the one that set others in motion, . . . was anything other than the spread of the virus throughout California, or that the virus was merely a remote cause of its losses." *Id.* at 894 (quoting *Sabella*, 377 P.2d at 895).

JC/SC's attempts to distinguish this case from *Mudpie* are unsuccessful. JC/SC argues that its complaint alleges that its losses stem from its tenants' financial hardships during the pandemic; those economic factors, JC/SC reasons, are less closely tied to the virus than the government orders at issue in *Mudpie* because "they represent, among other things, business decisions by tenants in response to the COVID-19 Pandemic." Accordingly, JC/SC argues that "[w]hether these losses fall squarely and solely within the Virus Exclusion, squarely outside

that exclusion (and, thus, squarely within coverage), or some combination of both covered and arguably uncovered perils cannot be resolved on the pleadings" because it is a factual question of causation.

But JC/SC's complaint does not allege an attenuated causal chain between the virus and the losses. Instead, it alleges that "tenants' businesses suffered," and "[m]any tenants simply could not pay their rents," as a result of "'stay at home' orders, lockdown mandates, and work from home protocols [that] were issued" in response to the virus. Just as in *Mudpie*, the complaint describes losses directly caused by government orders as a result of the virus.

JC/SC's complaint further explains that "[g]iven the manner in which [the COVID-19 virus] lingers in the air, in airspace, and on surfaces, and its manner of transmission, and the government's desire to 'flatten the curve,' JC/SC's properties could not be used by many of JC/SC's tenants, who did not pay rent." "[A]s a result of these events, many of JC/SC's commercial tenants did not renew leases and vacancies at JC/SC's properties increased, causing JC/SC further economic loss." These allegations are even more directly linked to the presence of the virus itself. Therefore, as in *Mudpie*, JC/SC's complaint does not plausibly allege that the efficient cause of its losses is anything but the COVID-19 virus. Accordingly, the virus exclusion bars all coverage. Because the virus exclusion bars coverage for all of the claims, we need not reach JC/SC's remaining arguments regarding

coverage.

2. JC/SC also argues the district court abused its discretion by denying JC/SC's request for discovery. JC/SC correctly notes that California law "requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968). But that rule is about the admissibility of extrinsic evidence when such evidence is presented; it does not require a court to grant discovery in every contract case. "When a dispute arises over the meaning of contract language, the first question to be decided is whether the language is 'reasonably susceptible' to the interpretation urged by the party. If it is not, the case is over." *Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 61 (Cal. 2006) (quoting *Southern Cal. Edison Co. v. Superior Ct.*, 44 Cal. Rptr. 2d 227, 232 (Cal. Ct. App. 1995)). It was not an abuse of discretion for the district court to determine that the virus exclusion was not reasonably susceptible to JS/SC's interpretation, and to deny discovery accordingly.

**AFFIRMED.**